UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLIN DALE HULSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS., et al.,<br><br>　　　　Defendants. | Civil Action No. 20-cv-11078-DLC<br><br>**MEMORANDUM AND ORDER** |

**CABELL, Magistrate Judge**

　　For the reasons stated below, plaintiff's motion for leave to proceed *in forma pauperis* is denied without prejudice to refiling with a copy of his prison account statement and plaintiff's motion for injunction is denied without prejudice.  If plaintiff wishes to proceed with this litigation, an amended complaint must be filed and will be subject to preliminary screening pursuant to 28 U.S.C. § 1915A.

**I.　　BACKGROUND**

　　On June 5, 2020, Olin Dale Hulsey ("Hulsey") filed a *pro se* pleading pursuant to 42 U.S.C. § 1983 titled "Petition for Relief from Constitutional Violation of Inmates Rights to Access the Courts."  This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

　　Hulsey states that he was sent to FMC Devens several weeks earlier for a competency exam and complains that he was denied letter writing supplies in disregard of his indigency.  Once provided supplies, Hulsey alleges that guards destroyed his legal mail.  Finally, he complains that guards are opening and reading his mail outside of his presence.  Hulsey names as defendants the Federal Bureau of Prisons and FMC Devens.  Hulsey does not seek monetary

damages and seeks to have the Court take corrective measures and implement new legal mail policies.

With his complaint, he filed motions for injunction and for leave to proceed *in forma pauperis*.

## II.   DISCUSSION

### A.   In Forma Pauperis

A party bringing a civil action must either pay the $350.00 filing fee and the $50.00 administrative fee[1] or seek leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915.  Additionally, a motion for waiver of prepayment of the filing fee filed by a prisoner must be accompanied by a certified copy of the prisoner plaintiff's prison account statement.[2]

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. In addition to requiring prisoners to make payments towards the filing fees for civil actions, the Prison Litigation Reform Act ("PLRA"),  Pub.L. 104–134, 110 Stat. 1321, enacted in April 1996, contains provisions that "denies *in forma pauperis* status to prisoners with three or more prior 'strikes' (dismissals because a filing is frivolous, malicious, or fails to state a claim upon which relief may be granted) unless the prisoner is 'under imminent danger of serious physical injury,' § 804(d); bars suits for mental or emotional injury unless there is a prior showing of physical injury; limits

---

[1] The $50.00 administrative fee does not apply to persons proceeding in forma pauperis.  See Judicial Conference Fee Schedule.

[2] Based on the information contained in the prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

attorney's fees; directs district courts to screen prisoners' complaints before docketing and authorizes the court on its own motion to dismiss 'frivolous,' 'malicious,' or meritless actions; permits the revocation of good time credits for federal prisoners who file malicious or false claims; and encourages hearings by telecommunication or in prison facilities to make it unnecessary for inmate plaintiffs to leave prison for pretrial proceedings." *Crawford-El v. Britton*, 1596, 523 U.S. 574, 596–97 (1998) (citations omitted).

Here, Hulsey indicates that he is now detained for the purpose of undergoing a competency evaluation. Thus, it appears that Hulsey is detained at FMC Devens after having been "accused of ... violations of criminal law," and that he meets the definition of a "prisoner" under 28 U.S.C. § 1915(h). *See also* 42 U.S.C. § 1997e(h); *Sergentakis v. Channell*, No. 16–11101–DHH, 272 F. Supp. 3d 221, 226 (D. Mass. 2017) (citing cases). Because Hulsey failed to provide a copy of his prison account statement, his motion for leave to proceed *in forma pauperis* will be denied without prejudice.

      **B.**    **Screening of the Action**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).  The plausibility standard does not require a probability but is more than a mere possibility.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In conducting this review, the court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**C.     Discussion**

Here, Hulsey's pleadings fail to state a claim upon which relief may be granted against either of the defendants.  Although Hulsey brings suit under 42 U.S.C. § 1983, because Section 1983 does not authorize suits against federal officials, Hulsey's claims are treated as if they were brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-1855 (2017) (explaining that *Bivens* provides an implied cause of action for money damages against individual federal officials for certain constitutional violations similar to 42 U.S.C. § 1983).

As an initial matter, plaintiff may not seek injunctive relief against federal officials in a *Bivens* action.  *Bivens* does not encompass injunctive and declaratory relief that requires official government action. *Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016) (citing *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.")).

Moreover, the factual allegations do not appear adequate to state any claim for which a *Bivens* remedy exists.  The Supreme Court has made clear that it is necessary to determine the

availability of a *Bivens* remedy at the earliest possible stage in a civil action. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). However, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a "disfavored' judicial activity." *Abbasi,* 137 S. Ct. at 1857 (internal citation omitted*); Casey v. Dep't of Health and Human Servs*., 807 F.3d 395, 400-01 (1st Cir. 2015).

In deciding whether to find an implied cause of action, a court first must determine if this "case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Abbasi*, 137 S. Ct. at 1859. Here, Hulsey alleges a denial of access to the courts arising from unidentified guards refusing to provide Hulsey with writing supplies, destroying his outgoing mail and opening his legal mail outside of his presence. To the extent Hulsey raises a claim for a violation of his right of access to the courts pursuant to the First Amendment, the Supreme Court has never recognized a *Bivens* remedy for a First Amendment claim. *See Reichle v. Howards*, 566 U.S. 658, 633 n 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").

Here, any claims pursuant to the First Amendment would require an extension of *Bivens,* which is disfavored. Moreover, to the extent that plaintiff is purporting to raise a constitutional claim for denial of access to the courts, plaintiff must allege that he suffered an "actual injury" that was caused by the action of a specific defendant. *Lewis v. Casey*, 518 U.S. 343, 354 (1969); *Bounds v. Smith*, 430 U.S. 817 (1977).

Accordingly, the court finds that plaintiff's allegations do not appear adequate to state any claim for which a *Bivens* remedy exists. Although doubtful that plaintiff will be able to cure this basic deficiency of his claim by amendment, the court will provide plaintiff with an opportunity to amend his pleading because plaintiff is a prisoner proceeding *pro se* in this action.

Upon receipt, the undersigned will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review.

### III. CONCLUSION

Accordingly:

1. The motions for injunction and for leave to proceed *in forma pauperis* are denied without prejudice.

2. If plaintiff wishes to pursue this action, he must, within twenty-eight (28) days from the date of this Memorandum and Order, file (1) an amended complaint that cures the pleading deficiencies noted above and (2) a renewed motion for leave to proceed *in forma pauperis* accompanied by a certified copy of his prison account statement. Plaintiff is reminded that prisoner plaintiffs are not entitled to a complete waiver of the filing fee and that, if granted leave to proceed *in forma pauperis*, the court will collect payments on a monthly basis until the $350.00 filing fee is paid in full. Failure of the plaintiff to comply with these directives may result in the dismissal of this action. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

So ordered.

                                        /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.

DATED: June 11, 2020