UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**OLIN DALE HULSEY,**               )
                                    )
      **Plaintiff,**      )
                                    )
      v.                 )    Civil Action No.
                                    )    20-11078-FDS
                                    )
**FEDERAL BUREAU OF**               )
**PRISONS, et al.,**                )
                                    )
      **Defendants.**     )
_____ )

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

For the reasons set forth below, plaintiff's motion for injunction will be denied, his motion for "consideration" will be granted, and his motion for leave to proceed *in forma pauperis* will be granted subject to the filing of a certified copy of his prison-account statement. If plaintiff wishes to proceed with this litigation, he must file an amended complaint and a copy of his prison-account statement, and any such amended complaint will be subject to preliminary screening pursuant to 28 U.S.C. §§ 1915(e), 1915A.

### I.    Background

On June 5, 2020, Olin Dale Hulsey filed a *pro se* pleading pursuant to 42 U.S.C. § 1983 titled "Petition for Relief from Constitutional Violation of Inmates Rights to Access the Courts." (Docket No. 1). Plaintiff states that he was sent to FMC Devens for a competency examination and complains, among other things, that guards are opening and reading his legal mail outside of his presence.

Plaintiff filed this action along with motions for leave to proceed *in forma pauperis* and for an injunction. At that time, the action was assigned pursuant to the court's Program for Random Assignment of Civil Cases to Magistrate Judges.

On June 11, 2020, the magistrate judge entered an order on the pending motions. On June 26, plaintiff filed motions for reconsideration as well as a notice of appeal. On June 29, the magistrate judge allowed plaintiff's motion for reconsideration and vacated the order. On July 1, 2020, this action was reassigned to the undersigned judge.

Now pending before the court are plaintiff's (1) motion for leave to proceed *in forma pauperis*, motion for injunction, and motion for "consideration" (which, in substance, is a motion for leave to file an amended complaint).

## II.    Plaintiff's Appeal Is Defective

After the magistrate judge entered an order on the pending motions, plaintiff filed an appeal. Because he had not yet consented to proceeding before a magistrate judge, he first should have appealed to a district judge. *See United States v. Ecker*, 923 F.2d 7, 8–9 (1st Cir. 1991). With only a few narrow exceptions, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); see 28 U.S.C. § 1291 (providing that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts . . . ."). A judgment is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Whitfield v. Municipality of Fajardo*, 564 F.3d 40, 45 (1st Cir. 2009) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

Here, the magistrate judge granted plaintiff's motion for reconsideration and vacated the

June 11, 2020 order. To the extent plaintiff seeks to appeal that order to the Court of Appeals, the appeal is defective in that it is interlocutory in nature.

### III.   **"Motion for Consideration"**

Plaintiff has filed what he calls a "motion for consideration" in which he seeks to have the court consider the pleading "a possible amendment." The Court will allow plaintiff's request and direct him to file an amended complaint.

### IV.   **Proceeding *In Forma Pauperis***

Because plaintiff alleges that he is now detained for the purpose of undergoing a competency evaluation, he meets the definition of "prisoner" under 28 U.S.C. § 1915(h). *See also* 42 U.S.C. § 1997e(h); *Sergentakis v. Channell*, 272 F. Supp. 3d 221, 226 (D. Mass. 2017) (citing cases).

Because plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff here has failed to submit a certified prison-account statement as required under 28 U.S.C. § 1915. Nonetheless, the court will grant his motion, subject to the filing of a copy of such a statement, and subject of course to his qualifying as indigent based on the availability of funds in the account. Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison-account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by

payments on a monthly basis until the $350 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Upon receipt of the certified prison-account statement, an order shall issue assessing plaintiff's filing fee obligations under the *in forma pauperis* statute.

A copy of this Memorandum and Order shall be sent to the Treasurer's Office at FMC Devens with the request that it provide plaintiff with a certified prison-account statement reflecting the average monthly balance and average monthly deposits for the six-month period preceding June 5, 2020.

## V.     **Motion for Injunction**

Plaintiff alleges that he has litigation pending in several federal courts and complains that correction officers are opening and reading his mail outside of his presence.  He seeks an order 'to protect his rights to access the courts and his protection's (sic) under attorney client privilege."  (Docket No. 2).

Plaintiff may not seek injunctive relief against federal officials in a *Bivens* action. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-1855 (2017) (explaining that *Bivens* provides an implied cause of action for money damages against individual federal officials for certain constitutional violations similar to 42 U.S.C. § 1983).  *Bivens* does not encompass injunctive and declaratory relief that requires official government action. *Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016) (citing *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").

Accordingly, plaintiff's motion for injunction will be denied without prejudice.

## VI. Conclusion

For the foregoing reasons,

1. Plaintiff's motion for an injunction (Docket No. 2) is DENIED.

2. Plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is GRANTED, subject to the submission of a certified copy of his prison-account statement, and subject to reconsideration based on the amount of available funds in that account.

3. Plaintiff's motion for consideration (Docket No. 7) is GRANTED.

4. If plaintiff wishes to pursue this action, he must, within 28 days from the date of this Memorandum and Order, file (1) an amended complaint and (2) a certified copy of his prison-account statement. Failure of the plaintiff to comply with these directives may result in the dismissal of this action.

5. The clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison-account statement. The court requests that the Treasurer's Office include in any prison-account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed (June 5, 2020), as well as the average monthly balance for that same period.

**So Ordered.**

Dated: September 21, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court