UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OLIN DALE HULSEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-11078-FDS |
| FEDERAL BUREAU OF PRISONS, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

### ORDER

**SAYLOR, C.J.**

On June 5, 2020, plaintiff Olin Dale Hulsey initiated this action by filing a *pro se* pleading pursuant to 42 U.S.C. § 1983 alleging that he had been sent to FMC Devens for a competency examination and complaining, among other things, that guards are opening and reading his legal mail outside of his presence.[1] The action was initially assigned to Magistrate Judge Cabell pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. The case was subsequently reassigned to the undersigned Judge.

On September 21, 2020, the Court denied Hulsey's motion for an injunction and granted his motion for leave to proceed *in forma pauperis* notwithstanding the fact that he did not file a copy of his prison account statement. The Court advised Hulsey that if he wishes to proceed

---

[1] The Court's records indicate that three days later, on June 8, 2020, Hulsey filed an action seeking to enjoin the medical staff at Devens from questioning him about his medical condition. *See Hulsey v. United States*, No. 20-11090-FDS (closed July 28, 2020) (dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to respond to July 2, 2020 Order). Hulsey filed a third action on June 18, 2020, asserting additional claims against the medical staff at Devens. *Hulsey v. United States*, No. 20-11157-FDS (closed Sept. 1, 2020) (dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to respond to July 6, 2020 Order).

with this litigation, an amended complaint must be filed with a copy of his prison account statement.

On October 15, 2020, the treasurer filed a certified copy of Hulsey's prison account statement. However, Hulsey failed to file an amended complaint. Instead, he filed an eight-page, handwritten letter asking the Court to advise him "as to the appropriate way to present civil rights issues so that the court may establish presidence [sic] in a new area that has not been addressed by a court." Docket No. 18, at 1.

If Hulsey wishes to proceed, he must file an amended complaint that meets the requirements of the Federal Rules of Civil Procedure. The caption "must name all the parties." *See* Fed. R. Civ. P. 10(a). It must include "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, if he asserts claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). And he must sign the amended complaint. Fed. R. Civ. P. 11(a).

Under the circumstances, Hulsey will be granted additional time to file such a pleading. If he wishes to pursue this action, he must file an amended complaint setting forth a plausible claim upon which relief can be granted within 21 days of the date of this order (that is, by December 2, 2020). Failure to comply with this directive will result in dismissal of this action.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  November 10, 2020 | Chief Judge, United States District Court |